JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CP IV 8 OLIVE, LLC., <br><br> Plaintiff, <br><br> v. <br><br> MONICA QUINTANILLA; and DOES 1 through 25, inclusive, <br><br> Defendant. | Case No. 2:24-cv-01648-SPG-RAO <br><br> **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [ECF NO. 8]** |

Before the Court is Plaintiff CP IV 8 Olive, LLC's motion to remand to Los Angeles County Superior Court. (ECF No. 8 ("Motion")). Defendant Monica Quintanilla does not oppose the Motion. The Court has read and considered the matters raised with respect to the Motion and determined that this matter is suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L. R. 7-15. For the reasons stated below, the Court **GRANTS** Plaintiff's Motion and remands this Action to Los Angeles County Superior Court for all further proceedings.

## I. BACKGROUND

On November 7, 2023, Plaintiff filed a form complaint alleging unlawful detainer in the Superior Court of California, County of Los Angeles against Defendant. (ECF No. 1 ("Compl.") at 10). Plaintiff – an owner and manager of real property – seeks past rent due of $15,269.09 from Defendant for her lease of an apartment at 801 South Olive Street, Unit 2508, Los Angeles, California 90014. (*Id.*). Defendant filed an answer in state court on January 31, 2024, and a jury trial was set for February 29, 2024. (ECF No. 8-1 ("Answer") at 2). On February 29, 2024, Defendant failed to appear at trial. Because of Defendant's non-appearance, the state court deemed the jury trial waived and converted the trial to a bench trial. (ECF No. 8-5 at 3). After taking evidence at the uncontested bench trial, the state court belatedly discovered that the matter had been removed to federal court. (*Id.*). According to ECF, Defendant filed her notice of removal in this Court on February 28, 2024, i.e., one day before the state court trial. (ECF No. 1). Plaintiff now moves to remand this case back to Los Angeles County Superior Court. (Mot.).

## II. LEGAL STANDARD

The "[f]ederal courts are courts of limited jurisdiction." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017) (internal citation omitted). Therefore, a removing party must demonstrate that an action falls within the categories of federal subject matter jurisdiction to avoid remand. *See Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33–34 (2002). Congress has provided that the federal "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The general rule, referred to as the 'well-pleaded complaint rule,' is that a civil action arises under federal law for purposes of § 1331 when a federal question appears on the face of the complaint." *City of Oakland v. BP PLC*, 969 F.3d 895, 903 (9th Cir. 2020) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

## III. DISCUSSION

Plaintiff challenges Defendant's removal on two grounds. First, Plaintiff argues that Defendant's removal was untimely under 28 U.S.C. § 1446. Second, Plaintiff argues that there is no federal subject matter jurisdiction over this action. Because the Court finds that there is no subject matter jurisdiction over this action, the Court declines to analysis Plaintiff's timeliness argument.

In determining whether federal question removal is proper, the Ninth Circuit has held that "[a]n action arises under federal law only if federal law 'creates the cause of action' or 'a substantial question of federal law is a necessary element.'" *Coeur d'Alene Tribe v. Hawks*, 933 F.3d 1052, 1055 (9th Cir. 2019) (quoting *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1383 (9th Cir. 1988)). Where federal law does not create the cause of action, federal question jurisdiction will lie only where "a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013). "'When a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim.'" *State of Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 675 (9th Cir. 2012) (quoting *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996)).

Here, Plaintiff's cause of action arises under California law. Plaintiff alleges one cause of action – unlawful detainer – for failure to pay rent or vacate the premises. (Compl. at 11). In filing its Complaint, Plaintiff used a standardized, California State Court Form Complaint. (*Id.* at 10). As several courts in this district have held, a single claim for unlawful detainer does not invoke this Court's jurisdiction. *See Canterbury Lots 68, LLC v. De La Torre*, WL 781974, at *3 (C.D. Cal. Feb.28, 2013) (remanding action where complaint only raised a single cause of action for unlawful detainer); *Golden Union Properties, LLC v. Amesquita*, 2011 WL 321095, at *3 (C.D. Cal. Jan. 26, 2011)

(remanding case for lack of subject matter jurisdiction where complaint contained only an unlawful detainer claim); *IndyMac Fed. Bank, F.S.B. v. Ocampo*, 2010 WL 234828, at *2 (C.D. Cal. Jan.13, 2010) (same); *Galileo Financial v. Miin Sun Park*, No. 09–cv–1660, 2009 WL 3157411, at *1 (C.D. Cal. Sept.24, 2009) ("[T]he complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists.")

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is **GRANTED**. This action is **REMANDED** to the Los Angeles County Superior Court.

**IT IS SO ORDERED.**

Dated: July 1, 2024

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE